**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LOUDERMILK; TIFFANY LOUDERMILK, individually and as parents and next friends of Brittany Renee Nash, Dakota James Loudermilk, Kristin Grace Loudermilk, Faith Rose Loudermilk, and Montana Vaughn Loudermilk, minor children,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>MICHAEL DANNER,<br><br>        Defendant - Appellant,<br><br>RICHARD GAGNON,<br><br>        Defendant - Appellant,<br><br>JOSHUA RAY,<br><br>        Defendant - Appellant,<br><br>JOSEPH SOUSA, Maricopa County Deputy Sheriffs, individually and in their official capacity, | No. 10-15980<br><br>D.C. No. 2:06-cv-00636-EHC<br><br>MEMORANDUM* |

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant - Appellant,

and

JOSEPH M. ARPAIO,

Defendant,

JULIE RHODES,

Defendant,

RHONDA CASH,

Defendant,

JENNA CRAMER,

Defendant.

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Argued and Submitted August 11, 2011
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendants-Appellants, four officers of the Maricopa County Sheriff's

Office ("MCSO Officers"), bring this interlocutory appeal from the district court's

denial of their motion for summary judgment on qualified immunity grounds.

2

Because the parties are familiar with the facts of the case, we repeat them here only as necessary to explain our decision.  We reverse.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine.  "[S]ummary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was 'clearly established.'"  *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (alteration in original) (internal citation omitted).  Thus, to resolve the "abstract issue of law" presented by this appeal, we "assum[e] that the version of the material facts asserted by the non-moving party is correct."  *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010) (alteration in original).

Assuming there was a constitutional violation in this case, the Loudermilks have the burden of showing the right at issue was clearly established, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); they have failed to carry that burden. Under this court's clearly established law, a reasonable police officer would not have known that it was coercive to explain that taking temporary custody of the Loudermilks' children under Arizona law was a "viable option," given that (1) the MCSO Officers had reason to believe probable cause existed to take custody of the children under Ariz. Rev. Stat. § 8-821, and (2) the condition of the home was

3

consistent with the anonymous tip which alleged the home construction was incomplete and had exposed wiring dangerous to children. *See United States v. Iglesias*, 881 F.2d 1519, 1522–23 (9th Cir. 1989) (holding that, although a homeowner "was confronted with separation from her small child," "it was not impermissible for [the police officer] to inform [the homeowner] that a search warrant and a grand jury subpoena were viable options."). Moreover, a reasonable police officer would not have known that consent was involuntary when the police officers withdrew their initial threat to enter the Loudermilks' home without a warrant. *Cf. United States v. Soriano*, 361 F.3d 494, 502 (9th Cir. 2004) ("If that threat had remained unabated, . . . consent could properly be set aside as involuntary."). Therefore, the MCSO Officers are entitled to qualified immunity.

Contrary to the Loudermilks' contentions, this is not a case in which officers use a *baseless* threat of the loss of one's children to obtain a result entirely unrelated to the children. *Cf. Lynumn v. Illiniois*, 372 U.S. 528, 534 (1963); *United States v. Soriano*, 361 F.3d 494, 510–11 (9th Cir. 2004) (Berzon, J., dissenting) (twice describing the police officer's threats as "baseless"). Further, that this court held qualified immunity did not apply to a police officer and a social worker who entered to search the home of a homeowner who *refused* to consent to a search, *Calabretta v. Floyd*, 189 F.3d 808, 811, 817 (9th Cir. 2009), says little as to

4

whether the MCSO Officers' conduct in this case was proscribed by the Fourth amendment. *See Saucier*, 533 U.S. at 202 ("[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

For the foregoing reasons, the district court's denial of the MCSO Officers' motion for summary judgment is **REVERSED.**